Filed 4/21/15  P. v. Akens CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>WILLIAM AKENS,<br><br>      Defendant and Appellant. | C075359<br><br>(Super. Ct. No. 13F01089) |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

**FACTUAL AND PROCEDURAL BACKGROUND**

On February 13, 2013, defendant William Akens was found to be in possession of a usable amount of methamphetamine.  On April 17, 2013, defendant entered a plea of no contest to possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) in

1

exchange for drug treatment probation pursuant to Penal Code section 1210.1 et seq.[1] and an indicated low term of 16 months if disqualified or if he failed to complete drug treatment probation. The court suspended imposition of sentence and granted drug treatment probation.

On July 1, 2013, a petition for revocation of probation was filed alleging that defendant committed a violation of Health and Safety Code section 11377, subdivision (a).

On July 26, 2013, defendant entered a no-contest plea to misdemeanor theft (§ 484) in case No. 13M01860 in exchange for probation for a term of three years with credit for time served (30 days). Defendant also admitted violating drug treatment probation.

On September 13, 2013, defendant admitted violating drug treatment probation for both drug and non-drug offenses as a result of his arrest in El Dorado County case No. P13CRF0252. The court deleted defendant from drug treatment probation for the non-drug offense. On September 23, 2013, the prosecutor stated that defendant was "not being accepted into drug court" and the court confirmed that defendant was ineligible for drug court. On October 7, 2013, the court remanded defendant into custody and continued sentencing.

On October 15, 2013, the court sentenced defendant to 16 months in county jail pursuant to section 1170, subdivision (h). Pursuant to defense appellate counsel's request, the court modified presentence custody credits and awarded 22 actual days and 22 conduct days for a total of 44 days.

---

[1] Undesignated statutory references are to the Penal Code at the time of the charged offense.

## *WENDE* REVIEW

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


                                                        MURRAY          , J.



We concur:



      NICHOLSON      , Acting P. J.



      ROBIE          , J.